THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN VECHIONE, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Department, January 7, 1935.

*Coudert Bros.* [*P. A. Shay* of counsel], for the appellant.

*Paul Windels, Corporation Counsel* [*Paxton Blair* and *Seymour Quel* of counsel], for the respondent.

KERNOCHAN, P. J.  The appellant was convicted of violating section 207 of article 19, chapter 14, of the Code of Ordinances of the City of New York: " No person, firm or corporation shall collect or deliver any of the items specified in section 201 hereof for the purpose of washing, drying, starching or ironing unless so collecting or delivering as the agent of a duly licensed laundry."

The evidence in this case proved that the appellant collected and delivered laundry as defined in section 201 of the ordinance, and it was also conceded that he solicited new business when the

occasion offered, and that he was not the agent of a duly licensed laundry, but was the agent of the Household Laundry Corporation, whose place of business was in the State of New Jersey, and that he collected laundry in the city of New York, namely, borough of Richmond, city of New York.

The validity of the judgment is attacked on these grounds: (a) That the Household Laundry Corporation is engaged in interstate commerce within the meaning of article I, section 8, clause 3, of the Constitution of the United States, and, therefore, the ordinance is unconstitutional since it attempts to regulate interstate commerce. (b) The laundry ordinance as set forth in article 19 of chapter 14 of the Code of City Ordinances is not a valid exercise of police power.

The validity of the judgment depends upon whether the Household Laundry Corporation was engaged in interstate commerce when it employed the appellant as its agent to collect and deliver articles to be laundered or that had been laundered at its plant in New Jersey, for if it was, then there was a violation of article I, section 8, clause 3, of the Constitution of the United States, which reads: " The Congress shall have power * * * 3. To regulated Commerce with foreign Nations, and among the several States, and with the Indian tribes."

In the case of *Gibbons* v. *Ogden* (9 Wheat. 1, at p. 189) Chief Justice MARSHALL defined commerce not only as the buying and selling, or the interchange of commodities, but that it was something more; it is " the commercial intercourse between nations and parts of nations, in all its branches, and is regulated by prescribing rules for carrying on that intercourse."

Later decisions of the Supreme Court of the United States have included the transmitting of telegrams (*Pensacola Telegraph Co.* v. *Western Union Telegraph Co.*, 96 U. S. 1); the sale of correspondence school courses (*International Textbook Co.* v. *Pigg*, 217 U. S. 91, at p. 106); radio transmission (*United States* v. *American Bond & Mortgage Co.*, 31 F. [2d] 448, at p. 454) as being interstate commerce.

The case of *Kansas City* v. *Seaman* (99 Kan. 143; 160 Pac. 1139) is very similar to the case at bar, involving as it does the collecting and delivery of laundry in Kansas City, Kan., by an agent of a laundry located in Kansas City, Mo. PORTER, J., in his opinion, concurred in by all the justices of the Supreme Court of Kansas, says: " The collecting and transporting of the thing from one state to another, and the return of it after the labor and service has been performed, is trade intercourse between citizens of different states."

On the authority of this case, which to my mind is compelling, I vote to reverse the judgment on the law; facts examined and no errors found therein and the complaint dismissed. Defendant discharged.

All concur; present, KERNOCHAN, P. J., SALOMON and DALE, JJ.

SALOMON, J. (concurring). The defendant is charged with a violation of chapter 14, article 19, of the Code of Ordinances of the City of New York, in that he did not obtain a license in conformity with the provisions thereof. The defendant was convicted and from such judgment of conviction the defendant appeals. The defendant was engaged in collecting and delivering laundry to the customers of the Household Laundry, Inc., a New Jersey corporation having its principal place of business in Newark, N. J., which corporation is engaged in the laundry business.

It is conceded that the defendant was operating a commercial truck owned by said corporation, was acting as its agent and, as such, was gathering, in the borough of Richmond, soiled linens and so forth from customers of said corporation for the purpose of taking the same to New Jersey to be laundered at its plant in New Jersey, and that he was also delivering to customers in the borough of Richmond laundry which had been washed and laundered at the plant of said corporation in New Jersey.

This corporation, for which the defendant was acting, maintained its laundry in the State of New Jersey and all the washing, drying and ironing of these items are done in said State. It maintains no laundry in the city of New York.

Section 201 of said ordinance defines laundry as follows: " Any place, building, structure, room, establishment, or portion thereof, which is used for the purpose of washing, drying, starching, or ironing shirts, dresses, underwear, collars, cuffs or other wearing apparel, table, bed, or other household linens, towels, curtains, draperies, or other washable fabrics, or a place, building, structure, establishment, or portion thereof, used or maintained for the collection or delivery of such articles for washing, drying, starching or ironing, such work being done for the general public, shall be deemed a laundry and subject to the provisions of this chapter."

Section 202 provides that laundries coming within the above provisions shall pay certain license fees. Section 205 provides the penalty for a person or firm maintaining such a laundry without first procuring such a license. Section 206 provides for the requirements necessary to obtain same, and section 207 provides that no person, firm or corporation shall collect or deliver items specified in section 201 thereof for the purpose of washing, drying and s

forth, unless he is collecting or delivering for a duly licensed laundry. As has heretofore been stated, it is conceded that the defendant was acting as the agent for a New Jersey corporation, conducting and maintaining a laundry in the State of New Jersey. It is for a violation of section 207 that the defendant was tried and convicted.

In my opinion, this ordinance regulates and fixes terms and conditions under which a person, firm or corporation can maintain a laundry in the city of New York, and section 207 of said ordinance prohibits a person, firm or corporation from collecting or delivering laundry for a person, firm or corporation conducting or maintaining a laundry in the city of New York, unless such laundry is duly licensed.

· To hold otherwise would place a false construction on said ordinance and particularly on section 207 thereof.

My conclusion makes it unnecessary to deal further with the question of the constitutionality of said ordinance as raised by the appellant. Judgment reversed and complaint dismissed.